10-2453-ag
Yang v. Holder

BIA
Abrams, IJ
A088 379 562

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of August, two thousand eleven.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

Qian Kun Yang, AKA Qiankun Yang,
> *Petitioner,*

    v.                                                    10-2453-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:        Eric Zheng, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Imran R. Zaidi, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qian Kun Yang, a native and citizen of China, seeks review of a June 11, 2010, order of the BIA affirming the June 30, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qian Kun Yang*, No. A088 379 562 (B.I.A. June 11, 2010), *aff'g* No. A088 379 562 (Immig. Ct. N.Y. City June 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Yang's brief fails to meaningfully challenge the agency's denial of his CAT claim, we address only its denial of asylum and withholding of

removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Yang argues that his case should be remanded to the agency to determine whether he established his eligibility for asylum based on forced abortions allegedly undergone by his wife. However, in *Shi Liang Lin v. U.S. Department of Justice*, we held that an applicant is not *per se* eligible for asylum based on a forcible abortion undergone by his spouse or girlfriend, but might be eligible for asylum if he can demonstrate past persecution based on his own "other resistance" to a coercive population control program. 494 F.3d 296, 309-10(2d Cir. 2007) (*en banc*). The agency found that Yang's testimony regarding his alleged other resistance to China's family planning policies was not credible, and that determination is supported by substantial evidence.

The agency reasonably relied on inconsistencies between Yang's testimony and his asylum application regarding when his alleged beating occurred and whether he was present when his wife was taken for her alleged second abortion. Yang's explanation that these inconsistencies were a result of confusion is not compelling. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than

3

offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original; internal quotation marks omitted)). The agency also reasonably noted that Yang's asylum application contained less detail about the purported incident at the family planning office than his later testimony. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (explaining that under the REAL ID Act the agency may rely on any omission as a basis for its adverse credibility determination and holding that a petitioner's failure to include the length of her detention in her asylum application was a proper basis for an adverse credibility determination). Finally, the agency reasonably relied on its "common sense and ordinary experience," *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007), in finding that Yang's testimony that he searched for a job while he was in hiding was implausible. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.16 (2d Cir. 2006) (upholding an implausibility finding as to a petitioner's claim that she went into hiding to avoid officials and yet continued working).

4

Contrary to Yang's argument, the agency did not require him to produce a warrant to establish his eligibility for relief, but, having found that his testimony was not credible, reasonably expected him to provide corroboration to rehabilitate that testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (concluding that once an asylum applicant's testimony has been called into question, an IJ can expect corroboration).

Together, the problems the agency identified in Yang's testimony and his failure to provide sufficient corroboration provide substantial evidence for its adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because Yang's claims for asylum and withholding of removal were based on the same factual predicate, the agency's adverse credibility determination forecloses both forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk